CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 30 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:06-cr-00051-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| CHARAZZ KEVIN MORAN, | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Charazz Kevin Moran, a federal prisoner proceeding with counsel, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Moran alleges that he received ineffective assistance of counsel. The court previously granted the United States' first motion to dismiss Moran's ineffective assistance of counsel claims that implicated his direct appeal rights and directed the United States to submit a supplemental motion addressing Moran's remaining claims. The United States filed its supplemental motion to dismiss, and Moran did not respond. Upon consideration of the record, the court grants the United States' supplemental motion to dismiss and denies Moran's § 2255 motion.

I.

A.

Moran hired attorney Welch to represent him in federal criminal proceedings after agents for the United States arrested him on suspicion of violating federal drug and gun laws. (Horn Aff. (USA Second Mot. Dismiss (docket #201) Ex. A) 1.) Welch received chemotherapy and other cancer treatments in the weeks before Moran's trial. (Petr.'s Second Mem. Supp. Mot. to Vacate (docket #164) 9; Horn Aff. 1.) About a week before Moran's trial began, Welch asked another attorney, Horn, for advice about Moran's case, and Horn volunteered to assist Welch

with Moran's trial.[1] (Horn Aff. 1.) Horn reviewed the case file but was not present for pre-trial arguments or periods during the trial because of his obligations to other clients. (Sent. Tran. (docket #155) 18; Horn Aff. 1.)

On April 3, 2007, a jury convicted Moran of conspiracy to possess with intent to distribute heroin, in violation of 18 U.S.C. § 846 ("Count One"); possession with intent to distribute heroin, in violation of 18 U.S.C. § 841(a)(1) ("Count Two"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Three"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four").

On April 30, 2007, Moran requested that the court appoint new counsel to replace Welch. Horn filed a motion to postpone the sentencing hearing scheduled for July 17, 2007, because Welch was expected to undergo additional cancer treatments. Welch passed away in September 2007. On September 26, 2007, the court appointed Horn nunc pro tunc as Moran's co-counsel as of the date of the jury trial.

The court held Moran's sentencing hearing on November 14, 2007, and sentenced Moran to 180 months incarceration: 120 months incarceration for each of Counts One, Two, and Four, to be served concurrently, and 60 months incarceration for Count Three, to be served consecutively. (J. (docket #127) 3.) On November 24, 2007, Horn timely filed a notice of direct appeal, but Moran withdrew the appeal on December 3, 2007. Moran withdrew the appeal as part of an agreement with the United States that the United States would not file an appeal about Moran's ACC status if Moran did not appeal any issue. (Mot. to Withdraw Appeal (docket

---

[1] Horn rented space from Welch for a separate law practice. (Horn Aff. 1.)

#132.)) Both parties fulfilled the agreement by not pursuing appeals. See docket #133 (order from the Fourth Circuit Court of Appeals granting petitioner's motion to withdraw his appeal).

B.

On June 9, 2008, Moran filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, alleging the following facts and claims. Counsel Welch was ineffective because he was recovering from chemotherapy and related cancer treatments. (Mot. to Vacate (docket #148) 4.) He did not adequately prepare for the trial because of his condition. If counsel was prepared, Count Three would not have been tried before the jury because Moran was not arrested with a firearm in his possession. (Id. at 5.) Welch also should have known that the firearm was from a prior arrest and that mere proximity of the gun to the drugs was insufficient to sustain a conviction. (Id.)

Furthermore, a Roanoke City police officer found the firearm in the car Moran was driving on May 14, 2006, when the officer stopped Moran for a missing bolt in the car's license plate. (Id. at 6, 15.) No probable cause existed to detain and search Moran during the traffic stop because a missing license plate bolt does not violate Virginia law. (Id. at 15.) Moran was not subsequently charged in state court for any firearm or drug crime resulting from the traffic stop. (Id.)

If Welch was prepared, he also would have impeached co-defendant Puller's testimony about whether Moran possessed a nickel-plated or black-steel firearm and the DEA agent's testimony that Moran emerged from the basement stairs. (Mot. to Vacate 11.) Welch also would have called several witnesses to testify. Joy Swann would have testified that she owned the vehicle Moran was driving during the traffic stop. (Id. at 18.) Mike Irizary would have testified

3

that the firearm in the car belonged to him. (Id.) Carmen Roman would have testified that co-defendant Puller was a drug dealer. (Id.) Jamal Basterville would have testified that he drove Moran from Moran's house to Puller's house on the date of Moran's arrest. (Id.) "Bob the landlord" would have testified that co-defendant Puller was only allowed to rent the basement, not the upstairs apartment. (Id.) Simone Basden, the lessee of the upstairs apartment, would have testified that she asked Moran to go to her apartment to see if someone was burglarizing it. (Mot. to Vacate 18.)

Welch was also ineffective for not asking the court to sever Count Four from the remaining counts before trial. (Id. at 8.) The admitted evidence of Moran's prior convictions unfairly prejudiced Moran by rendering the verdict unreliable. Moran was also unfairly prejudiced when information about Moran's then-pending state charge was disclosed to the jury even though the state charge was later nolle-prossed. (Id. at 9.) The heroin should also be excluded as evidence because the search warrant for the house where the drugs were found only authorized a search for marijuana. (Id. at 16.) Therefore, the police searched for contraband beyond the four corners of the search warrant and unlawfully seized the heroin. (Id.)

## II.

### A.

Petitioner filed a motion for default judgment, requesting his immediate release because the United States allegedly failed to timely file its responses within the time ordered by the court. Rule 55(d) of the Federal Rules of Civil Procedure holds that "[a] default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court." For the reasons stated herein, the court finds that petitioner

does not establish a right to relief and is not entitled to a default judgment.[2]

B.

The United States filed a supplemental motion to dismiss that references Horn's affidavit. (USA Second Mot. Dismiss Ex. A.) Therefore, the court must treat the United States' motion to dismiss as one for summary judgment because the motion references documents beyond the pleadings that the court will not exclude. Fed. R. Civ. Pro. 12(d). In a motion for summary judgment, the court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."[3] Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). However, no genuine issue can exist as to any material fact if a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[2]Based on the circumstances in this case and the response from counsel for the United States, the court also does not believe sanctions are presently appropriate. The court does not feel that any delay by the United States in this case to file a timely response undermined the authority of the court, as petitioner argues. However, the court has the authority to impose sanctions if repeated lapses to comply with court orders or to timely file a motion for an extension of time occur more frequently.

[3]Petitioner did not file a response to the United States' supplemental motion despite having a reasonable opportunity to present pertinent material.

5

## C.

After conviction and exhaustion, or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982). However, a prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to petition a court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A § 2255 petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," which requires "a colorable claim to relief by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ." Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992) (internal quotation marks and citation omitted). Because § 2255 proceedings are civil actions, petitioners must establish their allegations by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965). Nevertheless, a hearing must be denied if the petitioner's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently false or frivolous to warrant summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); United States v.

Yearwood, 863 F.2d 6, 7 (4th Cir. 1988).

D.

Petitioner argues that no probable cause existed for a traffic stop that provided the basis for petitioner's firearm charges; the search and seizure of narcotics in his apartment was illegal because the search warrant described marijuana but officers seized other narcotics; and the United States placed him in double jeopardy when a then-pending state charge was disclosed to the jury although the state charge was later nolle-prossed. Absent extreme circumstances not found in the instant matter, failing to raise these claims on direct appeal constitutes procedural default. A defaulted claim may be raised in a § 2255 proceeding only if the petition demonstrates both cause or excuse for failing to raise the issue in a timely fashion, and actual and substantial prejudice resulting from that failure. See Bousley v. United States, 523 U.S. 614, 622 (1998); Frady, 456 U.S. at 170. "Cause" in this context means that some objective factor beyond the defendant's control impeded or prevented him from presenting this claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). "Prejudice" in this context means that the error he failed to timely note worked to his actual and substantial disadvantage, infecting his entire proceeding with error of constitutional magnitude. Frady, 456 U.S. at 170. Petitioner's burden to prove prejudice to justify collateral relief is "significantly higher" than it would be to prove error on direct appeal. Id. at 166.

Petitioner argues that Horn's alleged ineffective assistance caused him to withdraw his appeal. However, the court reviewed the merits of this claim and held that petitioner did not receive ineffective assistance regarding the withdrawal of his notice of appeal. Therefore, petitioner has not demonstrated sufficient cause and prejudice to permit the court to review

matters that petitioner could have raised on direct appeal. Accordingly, the court finds these claims procedurally defaulted.[4]

E.

Ineffective assistance of counsel claims are properly addressed upon § 2255 motions and generally cannot be raised on direct appeal unless counsel's ineffectiveness conclusively appears on the record. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that a federal habeas petitioner may bring an ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal). To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at

---

[4]Moreover, petitioner had the opportunity to fully and fairly litigate his Fourth Amendment search and seizure claims. See Stone v. Powell, 428 U.S. 465, 494 (1976) ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). See also United States v. Johnson, 457 U.S. 537, 562 n.20 (1982) (recognizing Stone's applicability to § 2255 cases). Petitioner's double jeopardy argument is also meritless because no sovereign tried him twice on the same charge.

689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978). The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner alleges that trial counsel Welch provided ineffective assistance because he received chemotherapy treatments before trial. However, the court notes that Welch performed no differently than any other capable attorney who had not recently received chemotherapy treatments. Welch spoke at length during opening and closing statements and actively engaged witnesses during direct and cross examinations. Welch also adeptly argued pretrial motions before the court. Therefore, the court finds that petitioner's allegation that Welch's pretrial chemotherapy treatments constitutes ineffective assistance is without merit because the chemotherapy treatments did not affect Welch in any outwardly manner to satisfy Strickland.

Petitioner also alleges that Welch was ineffective for not knowing that a gun's proximity to drugs was insufficient to prosecute him and Count Three should not have been tried before a jury. However, the evidence presented by the United States established that petitioner kept a firearm to protect himself, his drugs, and the proceeds from his drug sales. Petitioner relied on the firearm during narcotic-related trips to New York. The jury accepted a co-defendant's and

narcotic purchaser's sworn statements that petitioner possessed, used, and carried three firearms during and in relation to and in furtherance of petitioner's heroin distribution conspiracy. Therefore, Welch was not deficient for not arguing that a gun was not near the narcotics because the facts of the case provided sufficient alternative bases to tie petitioner to a firearm.

Petitioner alleges that Welch was ineffective for not severing Count Four from the other counts before trial. Petitioner argues that the admitted evidence of petitioner's prior convictions unfairly prejudiced him. Severance of 922(g) charges from other charges in the same indictment is not required simply because the charges relate to each other. See United States v. Silva, 745 F.2d 840, 844 (4th Cir. 1984) (rejecting imposition of per se rule that a charge under the firearms statute always be severed from any other criminal charge); United States v. Rhodes, 32 F.3d 867, 871-72 (4th Cir. 1994) (stating a limiting jury instruction is not always required when trial court denies motion to sever). Absent any other evidence, Welch was not deficient simply because he did not move to sever Count Four. See Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) (counsel's trial strategy decisions deserve a high degree of deference in habeas review); Horn Aff. 2 (describing Welch's trial strategy and the fact only several days were left before trial when Horn discussed the matter with Welch). Furthermore, petitioner directly told the jury that he was twice convicted as a felon, both as an adult and a juvenile.

Finally, petitioner alleges that Welch was ineffective for not investigating and interviewing witnesses. See, supra, I.B. However, Welch cross-examined co-defendant Puller regarding his inconsistent statements about the color of the pistol. Welch also challenged an investigating officer's grand jury testimony with a pretrial motion that he argued before the court, but the court found that the officer did not attempt to mislead the grand jury.

Petitioner's speculation about potential witnesses' possible testimonies is not sufficient to constitute any ineffectiveness claim. Petitioner fails to relate how these alleged facts relate to the sufficiency of the evidence the jury relied on to find him guilty of the elements of the charged crimes. Furthermore, Horn avers that petitioner did not provide addresses for these people and that the witnesses who did appear at the court house to testify on petitioner's behalf were either reluctant to testify or absent at the appropriate time. (Horn. Aff. 3.)

After reviewing the record and recalling the events at issue, the court finds that petitioner fails to establish either Strickland prong as to each of his ineffective assistance claims against Welch. Accordingly, the court grants the United States' motion for summary judgment regarding petitioner's ineffective assistance of counsel claims.

III.

For the foregoing reasons, the court grants the United States' supplemental motion for summary judgment and denies petitioner's motion to vacate, set aside, or correct sentence. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to counsel of record for the petitioner and for the United States.

**ENTER:** This _30th_ day of December, 2009.

_/s/ James C. Turk_
Senior United States District Judge